UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES PATRICK, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:20-cv-00321-JRS-MPB |
| WENDY KNIGHT, | ) ) ) ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate James Patrick petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number CIC 19-09-0180. For the reasons explained in this Order, Mr. Patrick's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.  The Disciplinary Proceeding

On September 22, 2019, at the Indiana Department of Correction (IDOC) Correctional Industrial Facility in Pendleton, Indiana, Aramark supervisor Lester Osborn wrote a Report of Conduct charging Mr. Patrick with possession of security threat group (STG) materials, a violation of the IDOC's Adult Disciplinary Code offense B-208. The Report of Conduct states:

> Mr. J. Patrick #174622 came up to myself Lester Osborne Aramark Lead Supervisor and asked could he go out to chow hall #2 and check the drinking water coolers. I let him out and noticed he had a towel in his left hand, when Mr. Patrick came back in from checking the coolers, he didn't have the towel. I walked outside to chow hall #2 and looked around the water coolers and noticed the towel by the coolers. The towel had two kites rolled up in it. I Lester Osborne Aramark Lead Supervisor called our kitchen C.O. B. Blevins and in turn took the mater to the Captain in charge.

Dkt. 9-1.

Correctional Officer B. Blevins provided a written statement:

> Mr. L. Osborne advised me that he had found 2 kites (hand written notes) that Offender Patrick #174622 had left in the chow hall. After reading the content, I found the writing to be consistent with Security Threat Group activity.

Dkt. 9-6.

Mr. Patrick was notified of the charge on September 25, 2019, when he received the Screening Report. Dkt. 9-3. He pled not guilty to the charge and did not request either witnesses or evidence. *Id.*

A hearing was held on October 1, 2019. Dkt. 9-5. Mr. Patrick's statement was that he just placed the towel down and did not know what was inside it, and that "it" – the kites – weren't in his handwriting. *Id.* The disciplinary hearing officer (DHO) took into account Mr. Patrick's statement, the conduct report, witness statement, and copies of the kites. *Id.* The DHO found that the kites contained several STG components and that Mr. Patrick was guilty of the offense. *Id.* The sanctions imposed included the loss of sixty days of earned credit time. *Id.*

Mr. Patrick appealed to the Facility Head and the IDOC Final Reviewing Authority where both appeals were denied. Dkts. 9-7, 9-8, & 9-9. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Respondent Warden has filed her return (response) to the grounds for relief presented in the petition. Dkt. 9. Mr. Patrick did not file a reply.

**C.     Analysis**

In his petition Mr. Patrick presents two grounds for habeas corpus relief. First, he argues that no evidence exists that proves he was in possession of STG material because hundreds of inmates in the chow hall had access to the water coolers. Dkt. 1 at 4. Second, Mr. Patrick argues there are no witnesses or video footage to show that he put anything in the chow hall. *Id.* The Warden addresses both grounds as a claim of insufficiency of the evidence. Dkt. 9 at 5. The Court agrees.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In assessing whether there is *some* evidence – *any* evidence – the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence

3

underlying the disciplinary board's decision."); *Hill*, 472 U.S. at 455 (noting that the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence"). The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 941). Here, the conduct report provides *some* evidence to support the hearing officer's decision. Thus, the meager threshold of evidence sufficiency has been crossed, signaling the end to this Court's review.

As to Mr. Patrick's first argument contending that hundreds of inmates had access to the water coolers, that may be so. But he was not "singled out," as he argues, solely because he was in charge of filling the water coolers, *see* dkt. 1 at 4, but because the Aramark supervisor saw him leave with a towel and return without the towel, and then found a towel beside the water coolers where Mr. Patrick had just been. Dkt. 9 at 1. This is circumstantial evidence that Mr. Patrick placed the towel, with the two kites, beside the water coolers, and therefore had possession of the kites.

Sufficient evidence can exist to support a charge without video recordings or eyewitnesses. That evidence, such as here, can be circumstantial and still meet the "some evidence" threshold for prison disciplinary cases. *See Jones*, 637 F.3d at 849; *see also Holland v. United States*, 348 U.S. 121, 139-40 (1954) (explaining that "[c]ircumstantial evidence . . . is intrinsically no different from testimonial evidence."). In addition, Mr. Patrick's statement at the disciplinary hearing was that he did not know what was in the towel and all that he did was set it down. *See* dkt. 9-5. This, too, constitutes "some evidence."

The DHO's decision is supported by "some evidence," and therefore Mr. Patrick's grounds for relief are without merit. Habeas corpus relief is **denied**.

4

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Patrick to the relief he seeks. Accordingly, Mr. Patrick's petition for a writ of habeas corpus challenging prison disciplinary case number CIC 19-09-0180 is **denied** and this is action **dismissed** with prejudice.

Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 10/30/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James Patrick
174622
Pendleton - Correctional Industrial Facility
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

David Corey
Indiana Attorney General
david.corey@atg.in.gov